## J. A. NOBLITT V. THE STATE.

No. 10031. Delivered March 31, 1926.

1.—Swindling—Comment of Court—Improper—Harmless Error.

Where, on a trial for swindling by passing a worthless check, the court commented on the meaning of the figures 2.13 as contained on the check. While it is never proper for the court to express his views as to the weight to be given the testimony, and the practice in this instance is not to be commended, we think it could have no prejudicial effect on appellant's case, and no reversible error is shown.

2.—Same—Evidence—Of Bank's Custom—Harmless Error.

Where the evidence was conclusive that appellant had given a check for the payment of goods delivered to him, and that he had never had any funds in the bank on which it was drawn, the evidence admitted of the custom of one of the banks through which the check passed, as to making notations on such checks, was harmless, if error.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for swindling, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is swindling and the punishment is two years in the penitentiary.

The record discloses that the appellant bought a watch and a diamond ring from the City Pharmacy, a drug store owned by D. R. Gass, and gave in payment therefor a check for $110.00 and represented to Mr. Gass' agent that the check was good.

This check was drawn on the First National Bank of Lamesa, Texas. The vice-president of this bank testified that the appellant did not have any account with the bank at the time the check was drawn nor at any other time. The testimony further shows that said check was not paid.

There is a complaint contained in the record at the court commenting on what is meant by 2.13 as contained on the check. We think this is not a matter of sufficient importance to require a reversal of the case. There seems to be no ambiguity about the check and the court's statement was concerning a matter that seems to be without controversy in the testimony. It is never proper for the court to express his views as to the weight to be given to the testimony, and the practice in this instance is not to be commended, but we think it could have had no prejudicial effect on the appellant's case, in view of the record as we find it.

There is also some complaint made at the court's action in permitting the state's attorney to ask the witness Fuqua as to the instructions given by him to the officers of such bank with reference to placing notations on the check which was offered in evidence. We think this testimony was not of such prejudicial nature as to require a reversal of the case. The record as before us is undisputed to the effect that the appellant gave this check in payment for the goods received by him and that at the time he gave it he had no account with and was unknown to the bank on which the same was drawn. We hardly see how it could be seriously contended that this within itself did not make out the offense. The details as to how the check was transmitted from Canyon to the bank on which it was drawn are not important and it certainly cannot be said that the mere statement of one of the bankers in the string of banks through which it passed as to instructions given his employes and as to the custom in the bank is reversible error.

We have considered the other complaints contained in the record and think they are without merit.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.